Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MRD, LLC<br><br>Peticionario<br><br><br>V.<br><br><br>PRO SITE BUILDERS, LLC Y OTROS<br><br>Recurridos | KLCE202500103 | *Certiorari* acogido como ***Apelación*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV05311<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero, Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2025.

El 3 de febrero de 2025, compareció ante este Tribunal de Apelaciones, MRD, LLC. (en adelante parte apelante o MRD), mediante *Petición de Certiorari*[1]. Por medio de este, nos solicita que, revisemos la *Sentencia Parcial* emitida el 24 de enero de 2023 y notificada el 25 de enero de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Moción de Desestimación* presentada por DEYA Elevators Services Inc. (en adelante, DEYA o parte apelada).

Por los fundamentos que se exponen a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

---

[1] Acogido como apelación por ser lo procedente en derecho, mediante *Resolución* emitida el 7 de febrero de 2025.

Número Identificador

SEN2025 _____

**I**

De entrada, nos compete destacar que, esta es la cuarta ocasión que la parte apelante recurre ante esta Curia dentro del mismo pleito judicial. Adoptamos por referencia el trámite procesal del caso plasmado en la *Resolución* emitida por este panel el 23 de junio de 2023, en el caso con designación alfanumérica KLCE202300593, en la *Sentencia* emitida el 10 de agosto de 2023, en el caso con designación alfanumérica KLCE202300739 y en la *Sentencia* emitida el 4 de abril de 2024, por un panel hermano en el caso con designación alfanumérica KLAN202400235. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

Los hechos que propiciaron la controversia de epígrafe se remontan a una *Demanda* sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios, presentada por MRD en contra de PROSITE BUILDERS, LLC (en adelante, PROSITE) y DEYA.

Cabe reseñar que, en el caso KLAN202400235, un panel hermano revocó la *Resolución* emitida el 1 de diciembre de 2023, por el foro *a quo*, donde este último dispuso que, la petición de reconsideración presentada por MRD no se notificó a todas las partes y, por ello, no interrumpió los términos para recurrir ante este foro revisor. En la *Sentencia* de dicho panel, este Tribunal determinó que, la moción de reconsideración fue presentada fuera de término, pero por justa causa. A tales efectos, el Tribunal de Apelaciones tomó como fecha de notificación el 1 de diciembre de 2023.

En desacuerdo, DEYA presentó una moción de reconsideración ante este Tribunal, la cual fue declarada No Ha Lugar el 30 de abril de 2024.

Aun inconforme, DEYA presentó recurso de *Certiorari* ante el Tribunal Supremo de Puerto Rico, el cual fue declarado No Ha

Lugar. Además, DEYA presentó reconsideración, declarada No Ha Lugar por nuestro Máximo Foro. Posteriormente, DEYA presentó una segunda moción de reconsideración, que también fue declarada No Ha Lugar.

Así las cosas, el 23 de septiembre de 2024, el Tribunal de Primera Instancia emitió una *Orden* donde dispuso:

> Tras el recibo del mandato correspondiente, se concede a DEYA hasta el 13 de octubre de 2024 para que presente alegación responsiva en cuanto a la solicitud de reconsideración de MRD, de nuestra Sentencia Parcial de 25 de enero de 2023.

Subsiguientemente, DEYA presentó la *Moción en Cumplimiento de Orden*. En esencia, DEYA argumentó que, la reclamación de MRD contra DEYA era improcedente ya que, respecto a los trabajos realizados por el primero, DEYA le había emitido el pago en su totalidad a PROSITE. Sostuvo que, dicho pago había cubierto la totalidad de los trabajos realizados por MRD y nada se adeudaba por tal concepto. Añadió que, por motivo de lo anterior, al momento de MRD realizar su reclamación al amparo del Art. 1489 del Código Civil de 1930, DEYA no le adeudaba nada al contratista. De igual forma, argumentó que, dado a que DEYA había emitido el aludido pago final antes del reclamo de MRD, el Art. 1489 no operaba contra el dueño de la obra. Por lo anterior, solicitó al foro primario que declarara No Ha Lugar la moción de reconsideración presentada por MRD.

Por otro lado, MRD presentó la *Réplica a Oposición a Moción de Reconsideración*. Sostuvo que, aun cuando DEYA le hubiese pagado a PROSITE por la partida particular del trabajo realizado por MRD, si PROSITE no le pagó a MRD, entonces, este último ostentaba un derecho a reclamarle al dueño de la obra al amparo del Art. 1489 del Código Civil de 1930 bajo todo el contrato de construcción. Adujo, además, que, lo que debía evaluarse al momento del reclamo de MRD era si aún DEYA adeudaba parte del precio acordado para

realizar la obra completa a PROSITE. La parte apelante alegó que, pese a que DEYA levantó como defensa haber pagado al contratista PROSITE por la cantidad particular del trabajo realizado por MRD, no le eximía de responderle, debido a que, bajo el Contrato de Construcción, DEYA le adeudaba todavía a PROSITE al momento en que MRD instó reclamación. Es por lo que solicitó al foro primario que declara Ha Lugar su moción de reconsideración.

Finalmente, el foro recurrido emitió la *Resolución Interlocutoria*, por medio de la cual declaró No Ha Lugar la *Moci[ó]n de Reconsideraci[ó]n*.

En desacuerdo, la parte apelante acudió ante este foro revisor mediante *Petición de Certiorari* y esbozó el siguiente señalamiento de error:

> Erró el TPI al mal-interpretar el Art. 1489 del Código Civil sobre el límite de responsabilidad de un dueño de obra y emitir una Sentencia Parcial desestimando la causa de acción del recurrente contra el dueño de la obra a pesar de que el dueño de la obra no le había pagado al contratista general la totalidad de la obra al momento de la reclamación.

El 4 de febrero de 2025 la parte apelante presentó moción intitulada *Certificaci[ó]n de las Notificaciones del Recurso*. En su moción, sostuvo que, le había notificado a PROSITE la presentación del recurso de epígrafe a la dirección: Crown Hills Calle Carite #194 San Juan, Puerto Rico 00926 y al P.O. Box 9747 San Juan, Puerto Rico 00908.

La parte apelada, el 13 de febrero de 2025, presentó la *Moción de Desestimación por Incumplimiento con la Regla 13 del Reglamento del Tribunal de Apelaciones*. En esencia, sostuvo que, el recurso no fue perfeccionado conforme a derecho debido a que no fue debidamente notificado a PROSITE. Adujo que, la parte apelante notificó el recurso de epígrafe a la dirección Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926 y al P.O. Box 9747 San Juan, Puerto Rico 00908. Explicó que, las notificaciones enviadas a

PROSITE a la dirección Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926 habían sido devueltas, que tal dirección no era una adecuada para notificar, y que ninguna de las partes había notificado dicha dirección. Mencionó que, del expediente surgían cinco (5) direcciones suplidas por la propia parte apelada donde se podía notificar a PROSITE. Alegó, además que, surgía claramente de la *Resolución Interlocutoria* que esta fue notificada a PROSITE a la dirección informada por la parte apelante en la *Demanda*, P.O. Box 16672 San Juan, PR 00908-6671. A tales efectos, le solicitó a este foro revisor que, desestimara el recurso de epígrafe.

Por otro lado, la parte apelante presentó la *Oposición a Moción de Desestimación*. En primer lugar, sostuvo que, de la renuncia de la representación legal de PROSITE presentada el 28 de agosto de 2024 surgía que la última dirección para comunicarse con PROSITE era Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926. Añadió que, la aludida dirección también aparecía en el Departamento de Estado como la dirección oficial del Agente Residente de la entidad, como del Administrador, el señor Alberto Dapena. Asimismo, indicó que, la dirección P.O. Box 9747 San Juan, PR 00908, era la dirección postal oficial que surgía del Registro de Corporaciones como dirección de PROSITE.

Mediante *Resolución* emitida el 21 de febrero de 2025, declaramos No Ha Lugar la *Moción de Desestimación* interpuesta por DEYA.

En desacuerdo, DEYA presentó *Moción de Reconsideración*. Arguyó que, la parte apelante conocía que, las comunicaciones enviadas a Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926 habían sido devueltas anteriormente por el correo. Indicó que, la apelación enviada por MRD a la dirección P.O. Box 9747 San Juan, PR 00908, había sido devuelta por el correo y no fue tramitada a PROSITE. Sostuvo, además, que, previo a la presentación del

recurso de epígrafe, las partes ya habían sido informadas que las comunicaciones dirigidas a tal dirección fueron devueltas por el correo. Señaló que, desde el 30 de septiembre de 2024 tenían conocimiento de lo anterior, y para sustentar lo alegado, anejó una notificación que había sido devuelta en la referida fecha. Alegó que, las notificaciones enviadas el 23 de enero de 2025 a Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926 habían sido devueltas, y que, a tales efectos, el foro apelado las envió a la dirección correcta P.O. Box 16672 San Juan, PR 00908-6671. Asimismo, adujo que, pese a lo anterior, y en conocimiento de que dicha dirección era incorrecta, la parte apelante envió copia del recurso a la misma. Reiteró que, procedía la desestimación del recurso de epígrafe.

Por último, la parte apelante presentó *Moción en Cumplimiento de Orden y Oposición a Moción de Desestimación*. En esencia, reiteró su postura en cuanto a que PROSITE había sido debidamente notificada a la dirección provista por esta a Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020) *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados

y deben ser atendidos con prontitud. *Miranda Corrada v. DDEC et al.,* supra, pág. 745; *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank,* 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254,268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Souffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[2], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. *Perfeccionamiento de Recursos (notificación apelativo)*

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.,* 150 DPR

---

[2] 4 LPRA Ap. XXII-B, R. 83.

560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). El Reglamento del Tribunal de Apelaciones, en su Regla 13(A) dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia deberán presentarse dentro del término jurisdiccional de treinta (30) días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Bajo este supuesto, respecto a la notificación del recurso de apelación a las partes, la Regla 13(B) del Reglamento del Tribunal de Apelaciones, *supra*, dispone lo siguiente:

(1) Cuándo se hará

La parte apelante **notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso**, siendo este un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.[3]

(2) Cómo se hará

---

[3] 4 LPRA Ap. XXII-B, R. 13(B).

La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

La notificación por correo se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo.

La notificación por entrega personal se hará poniendo el documento en las manos de los abogados o abogadas que representen a las partes, en las de la parte, según sea el caso, o entregarse en la oficina de los abogados o las abogadas a cualquier persona a cargo de la misma. De no estar la parte o las partes representadas por abogado o abogada, la entrega se hará en el domicilio o a la dirección de la parte o las partes según surja de los autos, o a cualquier persona de edad responsable que se encuentre en la misma.

La notificación mediante telefax deberá hacerse al número correspondiente de los abogados o las abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto tal número al tribunal y así surja de los autos del caso ante el Tribunal de Primera Instancia.

La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados o abogadas que representen a las partes o al de la partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja de los autos del caso ante el Tribunal de Primera Instancia.

Según puede observarse, el término antes dispuesto es uno de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, supra, pág. 92 lo siguiente:

Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[4]. En el aludido caso[5], el Tribunal Supremo dispuso lo siguiente:

[E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto solo cuando la parte que lo solicita demuestra justa causa para la tardanza. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[6] En conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: (1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida.[7]

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo […] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra,* 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group,* supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito-

---

[4] *Soto Pino v. Uno Radio Group,* supra, pág. 93.
[5] *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 171.
[6] *Soto Pino v. Uno Radio Group,* supra, pág. 92.
[7] *Id.,* pág. 93.

que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra pág. 93 citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[8] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[9]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

### III

Como tribunal apelativo, en primer lugar, nos corresponde examinar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, la parte apelante mediante *Petición de Certiorari* – acogido como apelación – nos solicita que revisemos la *Sentencia Parcial* emitida el 24 de enero de 2023 y notificada el 25 de enero de 2023 por el foro primario.

---

[8] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[9] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, supra, pág. 130.

Mediante *Moción Informativa*, la parte apelante expresó haber notificado a la antigua representación legal de PROSITE[10] y a PROSITE a la dirección Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926 y al P.O. Box 9767 San Juan, PR 00908.

La parte apelada presentó *Moción de Desestimación*, donde trajo a nuestra atención que, las direcciones donde la parte apelante envió la notificación dirigida a PROSITE eran incorrectas. Puesto que, en múltiples ocasiones, notificaciones que habían sido enviadas a Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926 por el foro primario habían sido devueltas. Mencionó que, la dirección correcta era P.O. Box 16672 San Juan, PR 00908-6671, según surgía de la *Demanda*. De igual manera, añadió que, incluso el Tribunal de Primera Instancia había enviado a dicha dirección las notificaciones relacionadas al caso de epígrafe.

Por su parte, MRD presentó *Oposición a Moción de Desestimación*, donde sostuvo que, la dirección Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926, era la que había sido provista por la anterior representación legal de PROSITE en la *Moción de Renuncia de Representación Legal*. Mientras que, la dirección P.O. Box 9747 San Juan, PR 00908, era la dirección postal oficial que surgía del Registro de Corporaciones como dirección de PROSITE.

Luego de que mediante *Resolución* declaráramos No Ha Lugar la *Moción de Desestimación*, la parte apelada presentó una *Moción de Reconsideración*. Reiteró que, las direcciones a las que la parte apelante envió la notificación del recurso de epígrafe eran erróneas. Aseguró que, previo a la presentación del recurso, las partes conocían que las notificaciones enviadas a Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926 habían sido devueltas.

---

[10] Dicha representación legal fue relevada mediante *Orden* emitida el 30 de agosto de 2024.

Por otro lado, MRD presentó *Moción en Cumplimiento de Orden y Oposición a Moción de Desestimación*, donde reiteró que PROSITE había sido debidamente notificada a la dirección provista por esta a Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926.

Si bien es cierto que, la antigua representación legal de PROSITE en la *Moción de Renuncia de Representación Legal* notificó que la dirección para comunicarse con PROSITE era Urb. Crown Hills #194 Calle Carite San Juan, Puerto Rico 00926, del expediente surge que, las notificaciones enviadas a dicha dirección fueron devueltas. Inclusive, debido a devolución de las notificaciones, el propio Tribunal de Primera Instancia emitió notificaciones enmendadas, a los efectos de incluir la dirección postal que aparecía en la *Demanda*.

Ante la anterior situación, le correspondía a la parte apelante enviar la notificación del recurso de epígrafe a la última dirección hábil donde el foro primario envió las notificaciones, es decir, a P.O. Box 16672 San Juan, PR 00908-6671.

La Regla 13(B) del Reglamento de este Tribunal es clara al expresar que, la parte apelante **deberá notificar el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso**, siendo este un término de estricto cumplimiento.[11] Es por lo que, ante el incumplimiento con las disposiciones reglamentarias de este tribunal sobre la notificación de los recursos apelativos, procede la desestimación del recurso de marras.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[12], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación

---

[11] 4 LPRA Ap. XXII-B, R. 13(B).
[12] 4 LPRA Ap. XXII-B, R. 83(C).

o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que se exponen a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  El Juez Adames Soto disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones